UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GHOLAM R. DAMABEH, an individual<br><br>Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC., a Texas corporation, and DOES 1-100<br><br>Defendants. | Case No.: 5:12-CV-1739-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

On July 19, 2011, Plaintiff Gholam R. Damabeh ("Plaintiff") filed a Complaint in California Superior Court for the County of Santa Clara alleging three causes of action arising out of a dispute over the termination of his Franchise Agreement with Defendant 7-Eleven, Inc. ("7-Eleven"). *See* ECF No. 1, Ex. A ("Compl."). On April 6, 2012, Defendant removed this action to the United States District Court for the Northern District of California based on diversity jurisdiction. *See* ECF No. 1. Defendant filed the instant motion to dismiss the Complaint on May 29, 2012, arguing that the Plaintiff failed to state a cause of action upon which relief can be granted. ECF No. 7. Plaintiff filed his Opposition on April 27, 2012. ECF No. 16, 17. Defendant filed its Reply on May 4, 2012. ECF No. 17. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend.

1

Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I.   BACKGROUND

Plaintiff entered into a franchise agreement with Defendant pursuant to which Defendant was responsible for supplying Plaintiff with a store, to be located in Cupertino, California, as well as the equipment necessary to operate the store ("Franchise Agreement"). Compl. at 4. Plaintiff alleges that he operated the Cupertino store from 1978, until Defendant terminated the Franchise Agreement in July 2008. *Id.*

Plaintiff's claims relate primarily to two purported breaches of the Franchise Agreement. First, the Franchise Agreement provides that Defendant is responsible for repairing any damage to the store, equipment, or property so long as the repairs can be completed within thirty days. Compl. at 4. However, if Defendant "determine[s] [that the damage] cannot reasonably be repaired or replaced within thirty (30) days," then the "agreement… terminate[s]." Compl., Ex. 1, ¶ 26(e)(1)(c). The Franchise Agreement further provides that if the Franchise Agreement is terminated pursuant to the 30 day repair provision, the Franchise Agreement provides that Plaintiff has the right to elect to "transfer"[1] to another 7-Eleven Store that is available as a franchise or to receive a refund of the portion of the franchise fee Plaintiff paid. *Id.*, ¶ 26(e)(1); Compl. at 4. Plaintiff alleges that Defendant breached these provisions of the Franchise Agreement by falsely stating that Plaintiff's store, property, or equipment had sustained "extensive damage and/or… causualty [sic] damage[,] which could not reasonably be repaired" within 30 days. Compl. at 4, 5.

The Franchise Agreement also requires Plaintiff to maintain a minimum amount of equity in the store. Compl. at 4. If Plaintiff fails to maintain the minimum amount of equity, the Franchise Agreement provides that Defendant has the right to transfer equity from another 7-Eleven store owned by Plaintiff to cover the deficit. *Id.* Plaintiff alleges that, on two occasions, in approximately January 2007 and September 2007, Defendant transferred equity from Plaintiff's Cupertino store to another store owned by Plaintiff. Compl. at 4, 7-8. Plaintiff alleges that the September 2007 equity transfer breached the Franchise Agreement because the equity transfer was used to pay for "non-equity matters" related to the other store. *Id.* at 4. (internal quotations

---

[1] The Franchise Agreement is unclear as to what is being transferred.

2

Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

omitted). Plaintiff further alleges that both the January and September 2007 equity transfers caused his equity in the Cupertino store to fall below the minimum requirement. *Id.* at 7-8.

Plaintiff alleges that these breaches caused Plaintiff to be "dispossessed of [his] store… equipment, and… property." Compl. at 4, 6. Plaintiff also alleges that he "sustained pain… suffering, anxiety and trauma" as a result of Defendant's fraudulent behavior. *Id*. at 6.

Plaintiff's Complaint also includes a number of other allegations that Plaintiff contends show "unlawful, unfair[,] and fraudulent" conduct by Defendant. Specifically, Plaintiff alleges that, in July 2008, Defendant called Plaintiff and told him that it was "imperative" that he attend a meeting. Compl. at 7. Plaintiff alleges that, during that meeting, Defendant sent a truck to Plaintiff's store to collect his inventory without Plaintiff's knowledge or consent. *Id.* Plaintiff also alleges that Defendant: (1) "devised a scheme to force" Plaintiff out of his store, (2) misled Plaintiff to believe that $10,000 in equity was sufficient to meet the minimum equity requirements for his store, (3) took Plaintiff's store "under false pretenses," and (4) interfered with the sale of Plaintiff's store. *Id*. 9-10. Plaintiff further alleges that, in addition to constituting breaches of the Franchise Agreement, Defendant's false statements regarding whether his store could be repaired in 30 days and Defendant's improper transfer of equity between his stores constituted unlawful, unfair, and fraudulent conduct. *Id.* at 7-9.

Based on these allegations, Plaintiff alleges causes of action for: (1) breach of contract; (2) fraud; and (3) violation of California Business and Professions Code Sections 17200 and 17500.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual

3

Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

2 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially

3 plausible when it "allows the court to draw the reasonable inference that the defendant is liable for

4 the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Admissibility of Contract Attached to Defendant's Motion to Dismiss

As a threshold matter, the Court must address whether it may properly consider a copy of the Franchise Agreement that Defendant has attached as Exhibit 1 to its Motion. Plaintiff did not attach a copy of the Franchise Agreement to his Complaint. Plaintiff argues that the copy attached to Defendant's motion should not be considered because the document has not been properly authenticated. Opposition at 7. Plaintiff argues that, pursuant to Local Rule 7-5(a), in order to be properly considered, the Franchise Agreement must be supported by an affidavit attesting to its authenticity. *Id.* Significantly, Plaintiff does not contend that the copy of the Franchise Agreement attached to Defendant's Motion is not, in fact, the Franchise Agreement Plaintiff signed.

In order to address Plaintiff's concerns, the Court ordered Defendant to produce a declaration attesting to the authenticity of the Franchise Agreement. *See* ECF No. 19. Defendant has done so. *See* ECF No. 22. Accordingly, Plaintiff's argument on this point is moot.

Plaintiff also contends that the terms set forth in the Franchise Agreement should not be considered at this stage because to do so would "improperly convert the Motion to Dismiss into a… [m]otion for [s]ummary [j]udgment." Opposition at 7. This argument fails. A court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" when considering a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*

Here, the central allegations in Plaintiff's Complaint are that Defendant breached the Franchise Agreement, specifically the provision requiring it to repair certain damages within 30 days and the provision governing equity transfers between stores. Compl. at 4, 5. Accordingly, the

4

Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Franchise Agreement "forms the basis of Plaintiff's claim" and is properly considered in resolving Defendant's Motion to Dismiss. *Ritchie*, 342 F.3d at 907-08.

### B. Plaintiff's Breach of Contract Claim

Plaintiff alleges that Defendant breached the Franchise Agreement by: (1) falsely claiming that the store had suffered damages that could not be repaired in 30 days when, in fact, it could, (2) transferring equity from Plaintiff's Cupertino store to another one of Plaintiff's stores to cover "'non equity' matters." Compl. at 4, 5. In order to state a claim for breach of contract, Plaintiff must allege facts showing: (1) the existence of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach, and (4) damages to Plaintiff resulting from Defendant's breach. *Transcription Commc'ns Corp. v. John Muir Health*, No. C 08-4418 TEH, 2009 WL 666943, at *5 (N.D. Cal. Mar. 13, 2009). Defendant argues Plaintiff's allegations fail to state a claim for breach of contract. Motion at 3-4.

#### a. Plaintiff's Allegations Regarding the 30 Day Repair Provision

Defendant argues that Plaintiff's allegation that Defendant breached the Franchise Agreement by falsely claiming that the store had suffered damages that could not be repaired in 30 days fails to state a claim for two reasons. First, Defendant contends Plaintiff fails to allege sufficient facts concerning the nature of the damage or its extent. Second, Defendant contends Plaintiff's allegations fail to show that the damage to Plaintiff's store, equipment, and property could have actually been repaired within 30 days. Motion at 3.

The Court agrees. Plaintiff's allegations regarding the damage to his store, equipment and property are not sufficient. Plaintiff fails to identify what the damage was or when it occurred. Moreover, Plaintiff does not provide any facts from which the Court could infer that the damage could have been repaired within 30 days. *Id.* at 4. These allegations do not suffice under Rule 8. *Iqbal*, 556 U.S. at 678 (holding that a complaint must allege facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Defendant further contends that Plaintiff's breach of contract claim fails because the Franchise Agreement empowers Defendant to make the determination of how long repairs will take. *See* Motion at 3. The Court agrees. The Franchise Agreement provides that: "[T]his

5
Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

agreement will terminate before the Expiration Date… if there is casualty damage to the Store or 7-Eleven Equipment which *we determine* cannot reasonably be repaired or replaced within thirty (30) days or less." Compl., Ex. 1, ¶ 26(e)(1)(c) (emphasis added). Accordingly, in order to show Defendant breached the contract, Plaintiff must allege that Defendant stated that the damage could not be repaired within 30 days *and* that Defendant had not actually made such determination. An allegation that Defendant's statement was wrong because the damage could be repaired within 30 days will not suffice. To conclude otherwise, would read the phrase "we determine" out of the Franchise Agreement. *See Advanced Network, Inc. v. Peerless Ins. Co.*, 190 Cal. App. 4th 1054, 1063-64, 119 Cal. Rptr. 3d 17 (2010) ("We must give significance to every word of a contract, when possible, and avoid an interpretation that renders a word surplusage.").

### b. Plaintiff's Allegations Regarding the Equity Transfer

Defendant also argues that Plaintiff fails to state a claim for breach of contract based on his allegations that Defendant transferred equity from Plaintiff's Cupertino store to another one of Plaintiff's stores to cover "non equity" matters. Motion at 3. Defendant contends that these allegations fail to show a breach because Plaintiff has not alleged facts "showing that 7-Eleven was not contractually entitled to transfer the referenced funds." *Id.* at 4. The Court agrees.

The Franchise Agreement provided that, if Plaintiff failed to maintain the minimum amount of equity in his stores, Defendant had the right to transfer equity from another 7-Eleven store owned by Plaintiff to cover the deficit. Compl. at 4. Plaintiff has not alleged that the store where his funds were transferred had sufficient equity to meet the minimum equity requirement set forth in the Franchise Agreement. Accordingly, Plaintiff has not alleged facts showing Defendant's transfer was improper. Plaintiff's allegation that the funds were used for "non equity" matters is irrelevant. Plaintiff's allegations, therefore, fail to show Defendant's equity transfer breached the Franchise Agreement.

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's first cause of action for breach of contract is GRANTED.

### C. Plaintiff's Fraud Claim

Plaintiff's second cause of action alleges that Defendant is liable for fraudulently stating that Plaintiff's store, equipment, or property could not be repaired within 30 days. Compl. at 5. Defendant argues that this claim should be dismissed because Plaintiff (1) failed to meet the heightened pleading standard for causes of action involving fraud under Rule 9(b), and (2) failed to plead facts showing detrimental reliance. Motion at 4.

As correctly stated by Defendant, pursuant to Federal Rule of Civil Procedure 9(b), a claim for fraud must be pled with particularity. Motion at 4 (*citing* Fed. R. Civ. P. 9(b)). Under the heightened standard, a plaintiff alleging fraud must set forth the "who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) (holding that, when asserting a fraud claim against a corporation, the plaintiff 'must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written").

Plaintiff's allegations fail to meet the standard set forth in Rule 9(b). For example, Plaintiff does not identify who at 7-Eleven told Plaintiff the damage to Plaintiff's store, property, or equipment could not be repaired within 30 days, when this statement was made, or whether the speaker had authority to make the statement. Plaintiff also does not state what the damage was or when it occurred. Moreover, as set forth *supra* in connection with Plaintiff's breach of contract claim, Plaintiff has not alleged any facts, much less particularized facts, showing *why* Defendant's statement that the damage could not be repaired within 30 days was false (i.e. facts showing the damage could have been repaired within the set amount of time). *See Vess*, 317 F.3d at 1106 ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Furthermore, Plaintiff has not alleged any facts supporting his allegations that Defendant "had no reasonable ground for believ[ing]" its statements were true or that Defendant sought to "conceal[]" its ability to repair the damages within 30 days from Plaintiff. Compl. at 5. Accordingly, Plaintiff's allegations fail to state a claim for fraud.

1    Plaintiff's fraud claim also fails because Plaintiff fails to adequately allege detrimental
2    reliance, an essential element in pleading a fraud claim. *See Carter v. Prime Healthcare Paradise
3    Valley, LLC*, 198 Cal. App. 4th 396, 409 (2011) ("[W]ithout detrimental reliance, there is no
4    fraud."). Reliance occurs "when a misrepresentation is the immediate cause of a plaintiff's
5    conduct, which alters his legal relations, and when absent such representation, he would not, in all
6    reasonable probability, have entered into the contract or other transaction." *Engalla v. Permanente
7    Medical Grp., Inc.*, 15 Cal. 4th 951, 976 (1997).

8    Here, Plaintiff does not allege that he took, or did not take, any action in reliance on
9    Defendants' alleged misstatements regarding its inability to repair the damage to Plaintiff's store
10   within 30 days. For Plaintiff's reliance allegations, Plaintiff's Complaint states: "In justifiable
11   reliance upon [D]efendant['s] conduct, [P]laintiff was induced to act… as follows: the store,
12   equipment and property provided to [P]laintiff was taken from [P]laintiff and [D]efendants and
13   each of them dispossessed [P]laintiff of the store and took possession of the store, equipment and
14   property [D]efendant was to provide." Compl. at 6. This allegation does not show any action or
15   non-action by Plaintiff (*i.e.* that Plaintiff altered his position) in response to the alleged
16   misrepresentation. Accordingly, the Court concludes that Plaintiff has failed to allege reliance.

17   Plaintiff argues that, notwithstanding his failure to allege facts showing he altered his
18   position as a result of Defendant's alleged misstatement, the Court should simply presume reliance.
19   Opposition at 11. However, the cases upon which Plaintiff relies are inapposite. *See id.* (citing
20   *Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971); *Engalla*, 15 Cal. 4th at 977). These cases
21   hold that reliance may be presumed where a material misrepresentation has been made to induce a
22   party to enter into a contract. *Vasquez*, 4 Cal. 3d at 814; *Engalla*, 15 Cal. 4th at 977. Here,
23   however, Plaintiff fails to allege any facts showing he entered into any agreement, or otherwise
24   acted or declined to act, in reliance on Defendants' alleged misstatement. *See Vasquez*, 4 Cal. 3d at
25   814 (noting that a presumption of reliance exists "[w]here representations have been made in
26   regard to a material matter *and* action has been taken") (emphasis added).

27   For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's second cause of
28   action for fraud is GRANTED.

8
Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**D. Violation of California Business and Professions Code § 17200, 17500**

Plaintiff's third cause of action alleges violations of California Business and Professions Code § 17200 ("Unfair Competition Law" or "UCL") and California Business and Professions Code § 17500 ("False Advertising Law" or "FAL"). Compl. at 7-10. Defendant argues Plaintiff's claims fail under Rule 8 because Plaintiff fails to allege facts sufficient to permit the Court to draw the reasonable inference that 7-Eleven violated either statute. Motion at 5 (citing *Iqbal*, 556 U.S. at 678). Defendant also alleges that these claims fail because Plaintiff's allegations fail to meet the heightened pleading requirements of Rule 9(b). *Id.* The Court agrees. The Court first addresses the sufficiency of Plaintiff's allegations under Rule 9(b).

**1. Sufficiency of Plaintiff's Allegations under Federal Rule of Civil Procedure 9(b)**

Rule 9(b) is applicable to claims for fraud or mistake, including claims based on the UCL and FAL. *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1102-05 (holding that Rule 9(b) applied to state law claims under the UCL and the FAL to the extent those claims were based on fraudulent conduct). Here, much of the conduct Plaintiff alleges in support of his UCL and FAL claims sounds in fraud. For example, Plaintiff alleges that Defendant "wrongfully… advised [P]laintiff that [his] store, equipment, and property… was damaged… [and] could not be" repaired within 30 days, and that this statement "was not true." Compl. at 9. Plaintiff is alleging, in essence, a false statement. *Id.*; *see also id.* at 5 (alleging fraud claim based on Defendant's statement that the damage could not be repaired within 30 days). Similarly, the following allegations in the Complaint allege fraudulent conduct: (1) Defendant "devised a scheme to force" Plaintiff out of his store, (2) Defendant misled Plaintiff to believe that $10,000 was sufficient to meet the minimum equity requirements for his store, and (3) Defendant "took [Plaintiff's] store… under false pretenses." *Id.* at 9-10. Plaintiff's claim that Defendant told Plaintiff that it was "imperative" that Plaintiff meet with Defendant and then Defendant sent a truck to Plaintiff's store to take Plaintiff's inventory also appears to allege fraudulent conduct to the extent Plaintiff is alleging that the meeting was a mere pretext to allow Defendant to access Plaintiff's store while Plaintiff was out. *Id.* at 7. Because these claims allege fraud, they must be supported by particularized facts as required by Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1102-04.

9

Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff's allegations fail to meet this requirement. As set forth *supra*, Plaintiff does not allege which of Defendant's employees told him the damage could not be repaired in 30 days, or why this statement was false. Plaintiff's allegations that Defendant "devised a scheme to force" Plaintiff to sell his store and took Plaintiff's store under "false pretenses" are similarly unsupported by particularized facts. Compl. at 9. Indeed, the Court is unable to discern whether these allegations are premised on Defendant's alleged misconduct in connection with its repair obligations, or whether some other misconduct is being alleged. Plaintiff's allegation that Defendant misled him regarding the amount necessary to meet the minimum equity requirement also fails because Plaintiff does not allege which of Defendant's employees misled him, what was said, or when it was said. *Vess*, 317 F.3d at 1106 (holding that plaintiff must allege the "who, what when, where, and how of the misconduct charged"). Plaintiff's allegation that Defendant misled him as to the need for a meeting so that Defendant could take Plaintiff's inventory while Plaintiff was gone similarly fails because Plaintiff has not alleged which of Defendant's employees called the meeting, where it took place, or facts showing Defendant did not actually need to meet with Plaintiff. *See id.* For these reasons, Plaintiff's allegations of fraudulent conduct fail under 9(b). Accordingly, these allegations will not support Plaintiff's claims under the UCL or the FAL. *See id.* at 1105 (holding that allegations of fraud that do not satisfy Rule 9(b) should be "stripped from the claim").

**2. Sufficiency of Plaintiff's Allegations under Federal Rule of Civil Procedure 8(a)**

In light of the Court's ruling above, only two allegations remain that may support Plaintiff's UCL and FAL claims: (1) that Defendant improperly transferred equity from one of Plaintiff's store to another (thereby causing Plaintiff's equity in the first store to fall below the minimum), and (2) that Defendant interfered with the sale of Plaintiff's store. Compl. at 6-7, 9. These allegations do not allege fraud and are, therefore, not required to meet the particularity requirements of Rule 9(b). *See Vess,* 317 F.3d at 1104 (holding that Rule 9(b) "does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct."). However, they must still satisfy the pleading requirements set forth in Rule 8. The Court concludes that neither allegation is sufficient under Rule 8.

1     Plaintiff's allegation that Defendant interfered with Plaintiff's sale of his store lacks any

2 support (e.g. facts regarding what Defendant did to interfere with the sale of Plaintiff's store).  This

3 bare allegation does not provide the Court with enough information "to draw the reasonable

4 inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

5 Accordingly, these allegations fail under Rule 8(a).

6     Plaintiff's allegation that Defendant improperly transferred equity from Plaintiff's store,

7 causing the Plaintiff's equity in the store to fall below the minimum, similarly fails.  Plaintiff

8 alleges that, on two occasions, in July 2007 and January 2007, Defendant advised Plaintiff that

9 Defendant was going to take equity from Plaintiff's store because Plaintiff owed Defendant money.

10 Compl. at 6-7.  However, Plaintiff's allegations are unclear as to what the purported debt related.

11 *See id.* (alleging that Defendant informed Plaintiff he owed money in connection with "the sale of

12 this [sic] other 7-Eleven store to [P]laintiff or some other unspecified reason").  Indeed, Plaintiff

13 does not even allege whether Defendant's statement that Plaintiff owed Defendant money was true

14 or not.  *See id.*  Furthermore, with respect to the January transfer, it is unclear whether Plaintiff is

15 alleging that the equity taken from Plaintiff's store was transferred to his other store (an action that

16 could be consistent with Defendant's rights under the contract), or whether Plaintiff is alleging that

17 Defendant kept the money.  Thus, even under Rule 8(a), Plaintiff's allegations fail to provide the

18 Court with sufficient information to evaluate whether Defendant might reasonably be held liable

19 under the UCL or FAL.

20     **3.  Other Deficiencies in Plaintiff's UCL Claim**

21     While not raised in the Motion, the Court notes that there are several other deficiencies with

22 respect to Plaintiff's UCL and FAL claims.  For example, Plaintiff's UCL claim fails under the

23 unlawful prong because Plaintiff does not allege that any specific laws were violated.  *Saldate*, 686

24 F. Supp. 2d at 1066 ("To state a claim for 'unlawful' business practice under the UCL, a plaintiff

25 must assert the violation of any other law") (quoting *Rubio v. Capital One Bank (USA), N.A.*, 572

26 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008)).  Plaintiff's UCL claim would also fail under the

27 fraudulent prong because Plaintiff has not alleged that any deceptive statements were made to the

28 public or that Defendant's actions harmed the public interest.  *Saldate*, 686 F. Supp. 2d at 1066

("The 'fraudulent' prong under the UCL requires a plaintiff to 'show deception to some members of the public, or harm to the public interest….' ") (quoting *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001)). Plaintiff's claim under the FAL fails for the same reason. California Business and Professions Code § 17500 ("It is unlawful for any… corporation… with intent directly or indirectly to dispose of real or personal property… to make or disseminate… *before the public*… [a] statement… which is untrue or misleading….") (emphasis added).

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's third cause of action for violations of the UCL and FAL is GRANTED.

### E. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Similarly, leave to amend may be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g.,* 512 F.3d 522, 532 (9th Cir. 2008).

In the present case, the Court believes the pleading deficiencies identified above could be cured with additional factual allegations. *Lopez*, 203 F.3d at 1130. Moreover, amendment would not cause undue prejudice or undue delay. Accordingly, the Court GRANTS leave to amend.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the Complaint is GRANTED with leave to amend. If Plaintiff wishes to pursue this action, he must file a First

12
Case No.: 5:12-CV-1739-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Amended Complaint, addressing the deficiencies identified herein, within 21 days of this Order. Plaintiff may not add new claims or parties without seeking Defendant's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. If Plaintiff fails to file an amended complaint within 21 days of this Order or to cure the deficiencies addressed in this Order, the action will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 12, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge